**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KAREN L. POTESTA; CYNTHIA P.
KEANE, d/b/a C & K Associates, a
general partnership; BOSSIO
ENTERPRISES, INCORPORATED, a
corporation,

    Plaintiffs-Appellees,

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY, a corporation,
Defendant-Appellant.

No. 96-2229

KAREN L. POTESTA; CYNTHIA P.
KEANE, d/b/a C & K Associates, a
general partnership; BOSSIO
ENTERPRISES, INCORPORATED, a
corporation,

    Plaintiffs-Appellants,

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY, a corporation,
Defendant-Appellee.

No. 96-2343

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, Senior District Judge.
(CA-95-52)

Argued: May 9, 1997

Decided: July 7, 1998

Before RUSSELL\* and WILLIAMS, Circuit Judges, and MICHAEL, Senior United States District Judge for the Western District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished opinion.

_____

**COUNSEL**

**ARGUED:** Peter Gregory Zurbuch, BUSCH & TALBOTT, L.C., Elkins, West Virginia, for Appellant. Avrum Levicoff, BROWN & LEVICOFF, P.C., Pittsburgh, Pennsylvania, for Appellees. **ON BRIEF:** John E. Busch, BUSCH & TALBOTT, L.C., Elkins, West Virginia, for Appellant. Joseph E. Starkey, Jr., BROWN & LEVIC-OFF, P.C., Pittsburgh, Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises from a declaratory judgment action involving issues of insurance coverage for the loss of a commercial building in Morgantown, West Virginia. We certified two questions of law to the Supreme Court of Appeals of West Virginia, which has now answered our questions. See Potesta v. United States Fidelity & Guaranty Co., No. 24441, 1998 WL 248612 (W. Va. May 15, 1998). The facts are fully recited in our order of certification and in the opinion

_____

\*Judge Russell heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

2

of the Supreme Court of Appeals of West Virginia. See id., at *2-4. Therefore, we will repeat them only briefly here.

Bossio Enterprises, Inc. (Bossio) leased a commercial building in Morgantown, West Virginia, from C & K Associates (C&K), the owner. Bossio, in turn, subleased the building to Finial, Inc. (Finial) and Robert Vecchio, an officer of Finial. The sublease contained an indemnity clause that held Finial liable for losses occurring from Finial's use of the property and required that Finial obtain liability insurance on the property. In accordance with the terms of the sublease, Finial obtained a businessowner's policy from United States Fidelity & Guaranty Company (USF&G). Finial undertook extensive renovations of the building in May of 1993. As a part of these renovations, Finial contracted with Jackson's Wash-On-Wheels to perform exterior cleaning of the building. The building was severely damaged as a result of the renovations, including the high pressure cleaning of the building's exterior. The substantial damage ultimately required the demolition of the building.

On September 29, 1993, C&K and Bossio filed an action against Finial, Vecchio, and Jackson's Wash-On-Wheels in the Circuit Court of Monongalia County, West Virginia, seeking to recover damages incurred from the demolition of the building. The circuit court determined that Finial was contractually liable to C&K. When USF&G denied coverage under Finial's insurance policy, C&K filed a declaratory judgment action against USF&G in the circuit court.[1] USF&G removed the action to the United States District Court for the Northern District of West Virginia on the grounds of diversity jurisdiction. C&K moved for summary judgment, alleging in part that USF&G relied on an improper ground for denying coverage to Finial. USF&G

_____

[1] USF&G argues on appeal that C&K does not have standing to assert Finial's cause of action claiming coverage. We disagree. We conclude that the district court was correct in its determination that the circumstantial evidence indicated that an assignment did occur. As the district court held, a writing is not required for an effective assignment in West Virginia. See Potesta v. United States Fidelity Guaranty Company, No. 1:95-cv52 (N.D. W. Va. Aug. 14, 1996) (accepting the Proposed Findings of Fact and Recommendation for Disposition of the magistrate judge).

cross-moved for summary judgment, contending that it had a valid, previously unstated reason for denying coverage. The district court granted summary judgment in favor of C&K. USF&G appealed the judgment, and C&K cross-appealed, claiming that it was entitled to attorneys' fees and costs as the assignee of Finial, the insured.

We determined that these cross-appeals presented unsettled questions of West Virginia law. Accordingly, we certified the following two questions to the Supreme Court of Appeals of West Virginia:

> 1. Does West Virginia law require a showing of detrimental reliance by the insured in order to assert waiver or estoppel against an insurer who initially denies coverage on a specific ground, but then attempts to rely on an alternate ground for the denial of coverage in subsequent litigation?

> 2. Does the Supreme Court of Appeals of West Virginia adopt the statement of West Virginia law in Insurance Co. of North America v. National Steel Service Center, Inc., 391 F. Supp. 512, 517-22 (N.D. W. Va. 1975) -- i.e., the principles of waiver and estoppel do not operate to extend insurance coverage beyond the terms of the insurance contract, except if the insurer expressly relinquishes his right to deny coverage or if the insured detrimentally relies on an insurer's unconditional defense of an action brought against the insured?

Order of Certification to the Supreme Court of Appeals of West Virginia, Nos. 96-2229 & 96-2343, at 7-8 (4th Cir. Aug. 25, 1997). The Supreme Court of Appeals of West Virginia issued an opinion on May 15, 1998, in which it answered these two questions. See Potesta, 1998 WL 248612.

In response to our first certified question, the court began by distinguishing between the doctrines of waiver and estoppel, noting that "waiver and estoppel are two distinct doctrines which must be independently applied." Id. at *8. Thus, the court provided a two-part answer to the first certified question. First, the court addressed the doctrine of waiver and held that an insured need not prove detrimental reliance upon an insurer's previously stated reason(s) for denying coverage in order to assert that the insurer has waived its right to assert additional, previously unstated, reasons for denying coverage during subsequent litigation. See id. Instead, the insured must show

4

by clear and convincing evidence that the insurer knowingly and intentionally waived the previously unarticulated reasons for denying coverage. See id. In other words, the "insured must show that the insurer intentionally relinquished a known right." Id. at *14. Second, the court addressed the doctrine of estoppel and held that the insured must prove that he relied to his detriment on the initially stated grounds for declination to estop the insurer from asserting previously unarticulated grounds for denial. See id. at *8.

In response to our second certified question, the court adopted the majority rule that, generally, the principles of waiver and estoppel cannot extend insurance coverage beyond the terms of an insurance contract. See id. at *11. With regard to waiver, the court specifically held that "while implied waiver may be employed to prohibit an insurer, who has previously denied coverage on specific ground(s), from subsequently asserting a technical ground for declination of coverage, implied waiver may not be utilized to prohibit the insurer's subsequent denial based on the nonexistence of coverage." Id. at *13 (internal footnote omitted). With regard to the doctrine of estoppel, the court held that there are at least three exceptions to the general rule that estoppel may not be used to extend insurance coverage beyond the terms of an insurance contract. See id. at *14. The exceptions include, but are not limited to, instances when an insured is prejudiced as a result of: (1) an insurer's misrepresentation resulting in the insured not obtaining the coverage he desired; (2) the insurer has defended an action against its insured without a reservation of rights; and (3) an insurer's acting in bad faith. See id.

Given the opinion of the Supreme Court of Appeals of West Virginia, it is now clear that this case requires further determination of the facts. We, therefore, vacate the decision below granting summary judgment to C&K and remand to the district court for proceedings not inconsistent with this opinion and the decision of the Supreme Court of Appeals of West Virginia.**2**

VACATED AND REMANDED

_____
**2** Because we vacate the decision below granting summary judgment to C&K, C&K's cross-appeal is moot. In addition, we need not decide whether the Liability Coverage Form's limit of $2,000,000.00 or the Tenant Liability Coverage Form's limit of $50,000.00 applies.

5